

FILE BY FAX

1 TIMOTHY S. THIMESCH, Esq. (SBN 148213)
THIMESCH LAW OFFICES
2 tim@thimeschlaw.com
158 Hilltop Crescent
3 Walnut Creek, CA 94597-3452
Telephone: (925) 588-0401
4 Facsimile: (888) 210-8868

5 Attorneys for Plaintiff CRAIG YATES

6

7

8 UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
9

10 CRAIG YATES

11              Plaintiff,

12 vs.

13 MAYFLOWER SEAFOOD
RESTAURANT, INC.; CHUNG L. YANG
14 1992 TRUST; CHUNG L. YANG;
CONNIE K. YANG; HENRY K. YANG;
15 and DOES 1 through 50, Inclusive,

16              Defendants.

17

18

19

Case No.
Civil Rights

**COMPLAINT FOR INJUNCTIVE &
DECLARATORY RELIEF AND
DAMAGES: DENIAL OF CIVIL
RIGHTS OF A DISABLED PERSON IN
VIOLATION OF THE AMERICANS
WITH DISABILITIES ACT OF 1990,
AND CALIFORNIA'S DISABLED
RIGHTS STATUTES
DEMAND FOR JURY TRIAL**

[Proper Intradistrict Assignment: San
Francisco/Oakland]

20      Plaintiff CRAIG YATES, on behalf of himself and all other similarly situated disabled

21 persons, hereby complains of Defendants MAYFLOWER SEAFOOD RESTAURANT, INC.,

22 aka Mayflower Seafood Restaurant I and dba Mayflower Seafood Restaurant; CHUNG L.

23 YANG 1992 TRUST; CHUNG L. YANG; CONNIE K. YANG; HENRY K. YANG; and

24 DOES 1 through 50, Inclusive (hereafter "Defendants"), and demands a trial by jury, and

25 alleges as follows:

26                          **INTRODUCTION**

27      1.      This case involves the disabled accessibility of the Mayflower Restaurant

28 located at 6255 Geary Boulevard, San Francisco, CA. One of four restaurants in a chain all

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA 94597
(925) 588-0401

1   going by the same name, this particular restaurant is yet another example in San Francisco of

2   the exclusion of persons with disabilities in wheelchairs. The main entrance of this restaurant

3   is accessible only via an overly steep and hazardous ramp, presenting disabled users, such as

4   Plaintiff CRAIG YATES, who utilizes a wheelchair for mobility and has incomplete

5   quadriplegia, with a tipping hazard. Through the legal and equitable remedies of this suit, Mr.

6   YATES seeks to rectify this exclusion, and make the facility fully available to all persons

7   alike, regardless of their physical condition.

8       2.    The configuration of the restaurant, particularly its entrance, dining tables and

9   public restrooms, deny "full and equal" access required by Title III of the Americans With

10  Disabilities Act of 1990, the California Disabled Rights Acts (sections 54 and 54.1 ff Civil

11  Code), and Title 24 of the California Code of Regulations (now known as the California

12  Building Code). As a result, Plaintiff has been continuously denied access and/or deterred

13  from visiting the restaurant during the two years preceding the filing of this complaint,

14  suffered violation of his Civil Rights to full and equal access, suffered a denial of his right to

15  due process, was embarrassed and humiliated, and suffered statutory and general damages.

16  Plaintiff seeks damages and injunctive relief requiring provision of access under the ADA at

17  section 308; and injunctive relief for "full and equal access" and statutory damages under

18  California law.

19

20                                       **JURISDICTION AND VENUE**

21      3.    This Court has jurisdiction of this action pursuant to 28 U.S.C. 1331 for

22  violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, *et seq*. Pursuant

23  to pendant jurisdiction, attendant and related causes of action, arising from the same facts, are

24  also brought under California law, including but not limited to violations of California Health

25  & Safety Code Sections 19955 *et seq*., including Section 19959; Title 24 California Code of

26  Regulations; and California Civil Code Sections 54 and 54.1 *et seq*.

27      4.    Venue is proper in this court pursuant to 28 U.S.C. 1391(b) and is founded on

28  the fact that the real property which is the subject of this action is located in this district and

Blumesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages          — 2 —

1   that Plaintiff's causes of action arose in this district.

2        5.     Intradistrict Jurisdiction.   Under Local Rules 3-2 (c) and (d), intradistrict

3   assignment to the San Francisco District is appropriate because the real property that is the

4   subject of this action is located in Marin County, California and Plaintiff's causes of action

5   arose in Marin County.

6        6.     Plaintiff alleges continuous and ongoing discrimination.  Plaintiff has visited

7   this sit-down restaurant on several occasions, and has also been deterred from.  Plaintiff's

8   several complaints to the Defendants, both in writing and oral, have been ignored.

9   Defendants' only responsive efforts were to promise to look into the situation, but after that,

10   the communication ceased. Plaintiff alleges that it would be a futile gesture to provide further

11   notices of violations relating to Plaintiff's continuous visits and deterrence, which are certain

12   to occur on regular basis following the filing of this complaint. Therefore, Plaintiff reserves,

13   and will seek to supplement his complaint at time of trial as to his subsequent events,

14   according to proof.

15

16                          **PARTIES**

17        7.     At all times relevant to this complaint, Plaintiff qualified as a "person with a

18   disability," as this term is used under California law and under federal laws including but not

19   limited to Title III of the ADA. Plaintiff requires the use of a wheelchair for traveling about

20   in public places.

21        8.     At all times relevant herein, Defendants MAYFLOWER SEAFOOD

22   RESTAURANT, INC.; CHUNG L. YANG 1992 TRUST; CHUNG L. YANG; CONNIE K.

23   YANG; HENRY K. YANG; and DOES 1 through 50, Inclusive, were and/or are the current,

24   future or prospective owners and operators, lessors and/or lessees of public facilities, and

25   subject to the requirements of California State law requiring full and equal access to public

26   facilities pursuant to Sections 4450 et seq. of the Government Code; 19955-19959 of the

27   Health & Safety Code; Sections 54.1 and 54.3 Civil Code; and subject to Title III of the

28   Americans With Disabilities Act of 1990; and to all other legal requirements referred to in this

Bihimnach Yaw Office
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**          — 3 —

1     complaint. Plaintiff does not know the relative responsibilities of Defendants in the

2     ownership, control, and operation of the facilities herein complained of, and alleges a joint

3     venture and common enterprise by all such Defendants.

4           9.     Plaintiff is informed and believes that each of the Defendants herein, including

5     DOES 1 through 50, inclusive, is the owner, constructive owner, beneficial owner, trust,

6     trustee, agent, ostensible agent, alter ego, master, servant, employer, employee, representative,

7     franchiser, franchisee, joint venturer, partner, associate, parent company, subsidiary, board,

8     commission, department, or other governmental agency, representative, or such similar

9     capacity, of each of the other Defendants, and was at all times acting and performing, or

10     failing to act or perform, within the course and scope of his, her or its authority as a owner,

11     constructive owner, beneficial owner, agent, trust, trustee, ostensible agent, alter ego, master,

12     servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner,

13     associate, parent company, subsidiary, board, commission, department, or other governmental

14     agency, representative, or such similar capacity, and with the authorization, consent,

15     permission or ratification of each of the other Defendants, and is responsible in some manner

16     for the acts and omissions of the other Defendants in proximately causing the violations and

17     damages complained of herein, and have approved or ratified each of the acts or omissions of

18     each other defendant, as herein described. Plaintiff will seek leave to amend when the true

19     names, capacities, connections, and responsibilities of Defendants MAYFLOWER

20     SEAFOOD RESTAURANT, INC.; CHUNG L. YANG 1992 TRUST; CHUNG L. YANG;

21     CONNIE K. YANG; HENRY K. YANG; and DOES 1 through 50, Inclusive, are ascertained.

22

23                            **FACTUAL ALLEGATIONS**

24           10.     Further, the subject restaurant and its facilities, including its paths of travel,

25     entrance facilities, counters, public restrooms, dining tables, and other facilities, are each a

26     "public accommodation or facility" subject to the requirements of Government Code sections

27     4450 et seq., and of the California Civil Code sections 51, 54, 54.1, and 54.3. On information

28     and belief, each such facility has, since January 1, 1968, undergone unfinished "new

Mission Law Office
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages         — 4 —

1  construction," and/or "alterations, structural repairs, and additions," each of which has

2  subjected the subject restaurant and its public facilities to state disabled access requirements

3  per section 19959 Health & Safety Code, and since July 1, 1982, per provisions of Title 24 of

4  the California Code of Regulations.

5      11.    Plaintiff has visited the restaurant establishment on several occasions as a

6  paying customer, and seeks actual and deterrence damages for the two year period that

7  precedes the filing of this complaint.  The principal barriers to disabled access are the

8  following:

9          a.    A hazardously steep landing at front entrance that also does not meet

10  the safety and use requirements of the code for a ramp.

11         b.    The exit for fire egress is blocked by a six inch step.

12         c.    Dining tables lack approach and clear floor space that is situated

13  outside the path of travel.

14         d.    The bar, transaction and menu counters each lack a lowered section.

15         e.    The door landing at the entrance to the men's public restroom is too

16  shallow.

17         f.    The entrance door to the men's public restroom lacks levered-handled

18  hardware.

19         g.    The mirror in the men's public restroom is too high, preventing

20  disabled users from seeing themselves while using the sink and grooming.

21         h.    The rear grab bar is obstructed.

22         i.    There are non-compliant slopes in floor of the men's public restroom,

23  i.e., around the drain.

24         j.    The sanitary seat cover dispenser is not set next to a clear floor space.

25         k.    The strike edge clearance on the interior of the men's restroom door is

26  obstructed.

27      12.    On information and belief, other barriers to disabled access exist at the

28  restaurant that cannot be verified until Plaintiff's legal representatives have had a formal

**Complaint for Injunctive Relief and Damages**                    — 5 —

1    opportunity to inspect the restaurant and take measurements, which include, but are not

2    limited to:

3               a.      The dining tables lack required knee space height and depth.

4               b.      The sink in the men's public restroom lacks required knee space height

5    and depth.

6               c.      The men's public restroom has insufficient turning space.

7               d.      The grab bars in the men's public restroom are set at the incorrect

8    height.

9               e.      The centerline of the toilet in the men's public restroom is not set at 18

10    inches on center, exactly.

11               f.      The entry doors at each of the public restrooms is too narrow and does

12    not comply with the code.

13               g.      The women's public restroom, which provides disabled persons,

14    including those with companions and assistants of the opposite sex with space for a greater

15    means of access, is inaccessible any many respects, including the landing on the exterior side

16    of the door.

17         13.      Plaintiff has complained in writing to Defendants, and, on information and

18    belief, Defendants have knowledge, or received notice, of Plaintiff's complaints and others

19    about the inability of persons like Plaintiff to use facilities at the subject restaurant. Despite

20    knowledge of the access problems, and complaints from other disabled patrons, and the

21    passage of extended time since Plaintiff and other disabled persons first provided notice of

22    these deficiencies, Defendants have failed to investigate these problems, and have failed to

23    take the necessary action to provide legally required access features to allow "full and equal"

24    use of the premises by physically disabled persons.

25         14.      Title III of the ADA and California law required the removal of all such

26    barriers.

27         15.      On information and belief, as a result of all Defendants' above stated acts and

28    omissions, Plaintiff suffered loss of his Civil Rights to his statutory and general damage.

Bidmack Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                 — 6 —

16.     Moreover, Plaintiff and other similarly situated disabled persons will continue to be damaged on a continuous basis as long as Defendants fail to provide proper disabled access in the respects complained of, as they will either be discouraged from using the restaurant to pursue restaurant business, or to make the visit despite the obstacles to access, they would have to encounter, and suffer, additional discriminatory experiences.

17.     Plaintiff has no adequate remedy at law as to the recurring damages facing him each time he returns to these inaccessible facilities. Unless the relief requested herein is granted, Plaintiff and many other physically disabled persons will each suffer irreparable harm in that their fundamental right to accessible public facilities while patronizing the subject restaurant will be denied and abridged.

18.     Plaintiff is further informed and believes that during the applicable statutory periods the named Defendants and each of them have been made aware orally and in writing, of the inaccessibility of their public facility/business to disabled persons, such as Plaintiff, and other persons with disabilities similarly situated, and of the federal and state legal obligations of owners and operators of public facilities to make their facilities accessible to disabled persons. Despite being informed of such effect on disabled persons and the manner in which their practices and lack of accessible facilities were continuing to discriminate against disabled persons on a day-to-day basis, said Defendants and each of them knowingly and willfully failed and refused to take proper steps to rectify this situation and to provide full and equal access for disabled persons to each public facility referred to herein.

19.     Plaintiff requests that an injunction be ordered requiring that Defendants make all such facilities herein described, accessible to and usable by disabled persons, and instruct all employees as to proper policies to facilitate access, and set up practices and procedures to ensure that no disabled person who is mobility impaired is denied the use of the aforementioned facilities that are open to the general public, and that all such facilities be made "accessible to and usable by" physically disabled persons.

20.     Plaintiff has no adequate remedy at law as to facing the recurring damages facing him each time that he returns to these inaccessible facilities, and unless the relief

Complaint for Injunctive Relief and Damages                                          — 7 —

1  requested herein is granted, Plaintiff and other disabled persons will each suffer irreparable

2  injury by the deprivation of access to the specified public facilities operated by Defendants.

3

4                              **FIRST CAUSE OF ACTION:**

5        **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

6                                  **42 USC §§ 12101ff**

7         21.    Plaintiff repleads and incorporates by reference, as if fully set forth again

8  herein, the allegations contained in paragraphs 1 through 20 of this complaint and

9  incorporates them herein as if separately repled.

10        22.    Pursuant to law, in 1990 the United States Congress made findings per 42

11  U.S.C. Section 12101 regarding physically disabled persons, finding that laws were needed to

12  more fully protect "some 43 million Americans with one or more physical or mental

13  disabilities;" that "historically society has tended to isolate and segregate individuals with

14  disabilities;" that "such forms of discrimination against individuals with disabilities continue

15  to be a serious and pervasive social problem;" that "the Nation's proper goals regarding

16  individuals with disabilities are to assure equality of opportunity, full participation,

17  independent living and economic self sufficiency for such individuals;" and that "the

18  continuing existence of unfair and unnecessary discrimination and prejudice denies people

19  with disabilities the opportunity to compete on an equal basis and to pursue those

20  opportunities for which our free society is justifiably famous..."

21        23.    Congress stated as its purpose in passing the Americans with Disabilities Act

22  (42 USC § 12101(b)):

23        It is the purpose of this act —

24            (1) to provide a clear and comprehensive national mandate for the elimination of

25            discrimination against individuals with disabilities;

26            (2) to provide clear, strong, consistent, enforceable standards addressing

27            discrimination against individuals with disabilities;

28            (3) to ensure that the Federal government plays a central role in enforcing the

Bidmesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                                    — 8 —

1    standards established in this act on behalf of individuals with disabilities; and

2    (4) to invoke the sweep of Congressional authority, including the power to

3    enforce the 14th Amendment and to regulate commerce, in order to address the

4    major areas of discrimination faced day to day by people with disabilities.

5    (Emphasis added)

6    24.    As part of the Americans with Disabilities Act, Public Law 101-336,

7    (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

8    Operated by Private Entities" (42 U.S.C 12181ff). Defendants' facility is among "private

9    entities" which are considered "public accommodations" and "commercial facilities."

10   25.    Pursuant to Section 302 [42 U.S.C 12182], "[n]o individual shall be

11   discriminated against on the basis of disability in the full and equal enjoyment of the goods,

12   services, facilities, privileges, advantages, or accommodations of any place of public

13   accommodation by any person who owns, leases, or leases to, or operates a place of public

14   accommodation."

15   26.    Among the general prohibitions of discrimination included in Section

16   302(b)(1)(A) are the following:

17   §  302(b)(1)(A)(i): "DENIAL OF PARTICIPATION.   — It shall be

18   discriminatory to subject an individual or class of individuals on the basis of a

19   disability or disabilities of such individual or class, directly, or through

20   contractual, licensing, or other arrangements, to a denial of the opportunity of

21   the individual or class to participate in or benefit from the goods, services,

22   facilities, privileges, advantages, or accommodations of an entity."

23   § 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT — It shall

24   be discriminatory to afford an individual or class of individuals, on the basis of

25   a disability or disabilities of such individual or class, directly, or through

26   contractual, licensing, or other arrangements with the opportunity to participate

27   in or benefit from a good, service, facility, privilege, advantage, or

28   accommodation that is not equal to that afforded to other individuals."

Okimach 'Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401
Complaint for Injunctive Relief and Damages                              — 9 —

§ 302(b)(1)(A)(iii): "SEPARATE BENEFIT. — It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others."

27.     Among the specific prohibitions against discrimination in the ADA are included the following:

§ 302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities..."

§ 302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

28.     The removal of each of the barriers complained of by Plaintiff as hereinabove alleged (i.e., in paragraphs 11 and 12) were — at all times on or after January 26, 1992 — "readily achievable."

Bluhmcoch Taw Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                              — 10 —

1     29.    Further, at all times herein mentioned, modification of or removal of these

2     barriers was "readily achievable" under the factors specified in the Americans with

3     Disabilities Act of 1990, including but not limited to section 301(9) [42 U.S.C. 12181], and

4     the Regulations adopted thereto.

5     30.    "Discrimination" is further defined under Section 303(a)(2) of the ADA, for a

6     facility or part thereof that was altered after the effective date of Section 303 of the ADA in

7     such a manner as to affect or that could affect the usability of the facility or part thereof by

8     persons with disabilities, to include per Section 303(a)(2) [42 U.S.C. 12183], "a failure to

9     make alterations in such a manner that, to the maximum extent feasible, the altered portions of

10    the facility are readily accessible to and usable by individuals with disabilities, including

11    individuals who use wheelchairs." Additionally, for alterations to areas of a facility involving

12    a "primary function," discrimination under the ADA, per Section 303(a)(2) (42 U.S.C.

13    12183), also includes the failure of an entity "to make the alterations in such a manner that, to

14    the maximum extent feasible, the path of travel to the altered area and the bathrooms,

15    telephones, and drinking fountains serving the altered area, are readily accessible to and

16    usable by individuals with disabilities." On information and belief, the subject building

17    constitutes a "commercial facility," and Defendants have, since the date of enactment of the

18    ADA, performed alterations (including alterations to areas of primary function) to the subject

19    building and its facilities, public accommodations, and commercial facilities, which fail to

20    provide facilities and paths of travel to such areas that are readily accessible to and usable by

21    individuals with disabilities, in violation of Section 303(a)(2), and the regulations

22    promulgated thereunder, 28 CFR Part 36ff. This includes the facilities and barriers identified

23    in paragraph 11.

24    31.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, Section 308,

25    Plaintiff is entitled to the remedies and procedures set forth in Section 204, subsection (a), of

26    the Civil Rights Act of 1964 (42 USC 2000a-3, at subsection (a)), as Plaintiff is being

27    subjected to discrimination on the basis of disability in violation of this title or has reasonable

28    grounds for believing that he is about to be subjected to discrimination in violation of Sections

Ohlmesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                                      — 11 —

1 302 and 303. On information and belief, Defendants have continued to violate the law and
2 deny the rights of Plaintiff and of other disabled persons to access this public accommodation.
3 Pursuant to Section 308(a)(2), "[i]n cases of violations of Section 302(b)(2)(A)(iv)...
4 injunctive relief shall include an order to alter facilities to make such facilities readily
5 accessible to and usable by individuals with disabilities to the extent required by this title."

6     32.    As a result of Defendants' acts and omissions in this regard, Plaintiff has been
7 required to incur legal expenses and attorney fees, as provided by statute, in order to enforce
8 Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons
9 and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of
10 all reasonable attorneys' fees, litigation expenses (including expert fees) and costs, pursuant
11 to the provisions of Section 505 of the ADA (42 U.S.C. 12205) and the Department of
12 Justice's regulations for enforcement of Title III of the ADA (28 CFR 36.505). Additionally,
13 Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but
14 also to require the Defendants to make their facilities accessible to all disabled members of
15 the public, justifying "public interest" attorneys' fees pursuant to the provisions of California
16 Code of Civil Procedure Section 1021.5.

17     WHEREFORE, Plaintiff pray that this Court grant relief as hereinafter stated:

18
19 ## SECOND CAUSE OF ACTION:

20 ## DENIAL OF FULL AND EQUAL ACCESS TO A PERSON WITH A DISABILITY
21 ## IN A PUBLIC FACILITY,

22 ## IN VIOLATION OF CALIFORNIA'S DISABLED ACCESS STATUTES

23     33.    Plaintiff repleads and incorporates by reference, as if fully set forth again
24 herein, the allegations contained in Paragraphs 1 through 32 of this complaint and
25 incorporates them herein as if separately repled.

26     34.    Plaintiff Craig Yates and other similarly situated physically disabled persons
27 (whose physical conditions require the use of a wheelchair or other mobility devices) are
28 unable to use public facilities at subject restaurant on a "full and equal" basis unless such

Ghilmesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages     — 12 —

1   facilities are brought into compliance with the provisions of California Health & Safety Code

2   sections 19955 et seq. Plaintiff is a member of that portion of the public whose rights are

3   protected by the provisions of sections 19955 et seq. Health & Safety Code.

4       35.     Under section 54.1 Civil Code, persons with disabilities are entitled to "full

5   and equal access" to public accommodations. "Public accommodations" are further defined

6   as a building, structure, facility complex, or improved area which is used by the general

7   public and attendant facilities.

8       36.     Defendants participate in the operation of the subject public accommodation,

9   subjecting the property and all such Defendants to the requirements of California's Disabled

10  Rights statutes.

11      37.     Health & Safety Code Section 19955 provides in pertinent part:

12          (a)The purpose of this part is to insure that public accommodations or

13      facilities constructed in this state with private funds adhere to the provisions of

14      Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government

15      Code. For the purposes of this part "public accommodation or facilities" means a

16      building, structure, facility, complex, or improved area which is used by the general

17      public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels,

18      stadiums, and conventions centers.

19      38.     Health and Safety Code Section 19956, which appears in the same chapter as

20  section 19955, provides, in pertinent part: "[a]ll public accommodations constructed in this

21  state shall conform to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of

22  Title 1 of the Government Code...."

23      39.     Section 19956 Health & Safety Code was operative July 1, 1970, and is

24  applicable to all public accommodations constructed or altered after that date. On information

25  and belief, portions of the subject restaurant were constructed and/or altered after July 1,

26  1970, and portions of the subject building were structurally remodeled, altered and have

27  undergone structural repairs or additions after July 1, 1970. Such construction required such

28  building and its public accommodation facilities to be subject to the requirements of Part 5.5,

Ohlmesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 13 —

1  Sections 19955, et seq., of the Health and Safety Code, which requires provision of access

2  upon "alterations, structural repairs or additions" per Section 19959 Health & Safety Code, or

3  upon a change of occupancy (a form of "alteration").

4      40.    Multiple construction, alterations, structural repairs and/or additions were

5  completed on the subject restaurant property after the January 1, 1968 effective date of

6  Government Code Sections 4450 et seq., and the July 1, 1970 effective date of Healthy &

7  Safety Code Section 19955-19959, legally requiring that proper access for disabled persons be

8  provided in each and every regard complained of in the Complaint.

9      41.    Construction or alteration at such facilities also triggered access requirements

10  pursuant to section 4456 Government Code and Title 24 of the California Code of

11  Regulations.  Further, section 19955 Health & Safety Code also requires that, "[w]hen

12  sanitary facilities are made available for the public, clients or employees in such

13  accommodations or facilities, they shall be made available for the physically handicapped."

14  Title 24, California Code of Regulations (formerly known as the California Administrative

15  Code and now known as the California Building Code), was in effect at the time of each

16  alteration which, on information and belief, occurred at such public facility since January 1,

17  1982, thus requiring access complying with the specifications of Title 24 whenever each such

18  "alteration, structural repair or addition" is carried out.  Title 24 imposes additional access

19  requirements with which Defendants have not complied, including additional requirements for

20  accessible restrooms which serve the areas of alteration.

21      42.    As a result of the actions and failure to act of Defendants and each of them,

22  and as a result of the failure to provide proper disabled accessible facilities as above

23  described, Plaintiff Craig Yates was denied his Civil Rights, including his right to full and

24  equal access to public facilities, was embarrassed and humiliated, suffered physical,

25  psychological and mental injuries and emotional distress, all to the general damages of

26  Plaintiff in an amount within the jurisdiction of this Court.

27      43.    Plaintiff seeks damages on a continuing and ongoing basis for the statutory

28  period preceding the filing of his complaint herein, and the continuous and ongoing damages

Olkinoch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 14 —

1  suffered thereafter.

2      44.    As a result of the Defendants' continuing failure to provide proper access for

3  disabled persons to use the public facilities, Plaintiff has continually been denied his rights to

4  full and equal access to subject restaurant and its attendant facilities on a continuous basis for

5  the above specified period up to the filing of this complaint and continuing until Defendants

6  provide accessible facilities in each of the respects complained of herein.

7      45.    The acts and omissions of Defendants as complained of herein are continuing

8  to have the effect of wrongfully excluding Plaintiff and other members of the public who are

9  physically disabled wheelchair users from full and equal access to the public facilities

10  involved. Such acts and omissions continue to treat Plaintiff as inferior and a second class

11  citizen and serve to discriminate against him on the sole basis that he is physically disabled

12  and requires the use of a wheelchair for movement in public places; Plaintiff is unable, so

13  long as such acts and omissions of Defendants continue, to achieve full and equal access to

14  these public facilities. The acts of Defendants have proximately caused and will continue to

15  cause irreparable injury to Plaintiff if not enjoined by this court.

16      46.    WHEREFORE, Plaintiff asks this court to preliminarily and permanently

17  enjoin any continuing refusal by those Defendants which currently own, operate or lease the

18  premises, or who control such premises as the operating public entities, to grant such access to

19  Plaintiff and other similarly situated persons, and to require such Defendants to comply

20  forthwith with the applicable statutory requirements relating to access for the disabled. Such

21  injunctive relief is provided by section 19953 Health & Safety Code and California Civil

22  Code section 55. Plaintiff further requests that the court award damages, attorneys' fees,

23  litigation expenses and costs to Plaintiff pursuant to section 19953 Health & Safety Code,

24  Civil Code section 55, and Code of Civil Procedure §1021.5, all as hereinafter prayed.

25  ////

26

27

28

**Complaint for Injunctive Relief and Damages**            — 15 —

### THIRD CAUSE OF ACTION:

### VIOLATION OF CALIFORNIA'S DISABLED RIGHTS ACTS

### (§§54, 54.1 and 55 CIVIL CODE)

47.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 46 of this complaint and incorporates them herein as if separately repled.

48.    The aforementioned acts and omissions of Defendants and each of them constitute a denial of equal access to and use and enjoyment of these facilities by persons with disabilities, including Plaintiff Craig Yates. Said acts and omissions are also in violation of provisions of Title 24 of the California Administrative Code (later known as the California Code of Regulations and the California Building Code.)

49.    On or about the above dates complained of, and on multiple occasions thereafter, including occasions of deterrence, Plaintiff Craig Yates suffered violations of sections 54 and 54.1 Civil Code in that he was denied full and equal access to the subject restaurant facilities on the basis that he was a physically disabled persons.

50.    Plaintiff is further informed and believes that before and after such dates, the named Defendants and each of them were made aware orally and in writing of the inaccessibility of their public facility/business to disabled persons, such as Plaintiff, and other persons with disabilities similarly situated, and of the federal and state legal obligations of owners and operators of public facilities to make their facilities accessible to disabled persons. Despite being informed of such effect on disabled persons and the manner in which their practices and lack of acceptable facilities were continuing to discriminate against disabled persons on an ongoing basis, said Defendants and each of them knowingly and willfully failed and refused to take any steps to rectify this situation and to provide full and equal access for disabled persons to each public facility referred to herein.

51.    At all times since Plaintiff's above specified complaints, and on information and belief for periods prior to this date, Defendants were on notice of the requirements of the law relating to provision for full and equal disabled access. Especially as Defendants were on

Okimoto Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

1    full notice, each day that Defendants have continued to deny access to disabled persons
2    constitutes a new and distinct violation of Plaintiff's right to full and equal access to this
3    public facility, in violation of Sections 54 and 54.1, et seq. Civil Code. In the event of a
4    default judgment against any particular defendant, Plaintiff will seek an injunction requiring
5    provision of all access called for in this complaint (see paragraphs 11 and 12), plus damages
6    of $1,000 per incident of encounter or deterrence from the date of Plaintiff's filing of this
7    complaint, plus reasonable attorneys' fees, litigation expenses and costs as set by the court,
8    until the site is brought into full compliance with state and federal access laws protecting the
9    rights of the disabled, or, alternatively, until the date of entry of default.

10        52.    As a result of the denial of equal access to Defendants' facilities due to the acts
11   and omissions of Defendants and each of them in owning, operating, and maintaining this
12   subject public facility, Plaintiff Craig Yates suffered violations of his Civil Rights including
13   but not limited to rights under sections 54 and 54.1 Civil Code, and suffered physical injury
14   and discomfort, emotional shock, mental and emotional distress, embarrassment and
15   humiliation, all to his damages as hereinafter stated. Defendants' actions and omissions to act
16   constituted discrimination against Plaintiff on the sole basis that he was physically disabled
17   and unable, because of the architectural barriers created by the Defendants in violation of the
18   subject laws, to use the public facilities on a full and equal basis as other persons.

19        53.    Plaintiff seeks damages on a continuing and ongoing basis for the statutory
20   period preceding the filing of his complaint, and the continuous and ongoing damages
21   suffered thereafter.

22        54.    Subject to the terms of the preceding paragraph, Plaintiff also seeks damages
23   against all Defendants for the violation of his rights as a person with a disability during his
24   patronage at the subject restaurant, and on multiple visits thereafter, according to proof,
25   pursuant to section 54.3 Civil Code, including a trebling of all statutory and actual damages,
26   general and special, available pursuant to section 54.3 Civil Code. Plaintiff also seeks such
27   damages for such Defendants' continuing to maintain such facilities in an inaccessible
28   condition since date of his earliest visit, and continuing to the date of the filing of the original

Blinach Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                                    — 17 —

1 | complaint, and thereafter until Defendants provide full and equal access. Plaintiff also seeks

2 | injunctive relief against all Defendants pursuant to section 55 Civil Code, requiring

3 | Defendants to make their facilities accessible to disabled persons in each of the respects

4 | complained of herein.

5 | 55. As a result of Defendants' acts and omissions in this regard, Plaintiff Craig

6 | Yates has been required to incur legal expenses and hire attorneys in order to enforce his

7 | rights and enforce provisions of the law protecting access for persons with disabilities and

8 | prohibiting discrimination against persons with disabilities. Plaintiff therefore seeks recovery

9 | in this lawsuit for all reasonable attorneys' fees and costs incurred pursuant to the provisions

10 | of sections 54.3 and 55 Civil Code. Additionally, Plaintiff's lawsuit is intended not only to

11 | obtain compensation for damages to Plaintiff, but also to require the Defendants to make their

12 | facilities accessible to all disabled members of the public, conferring a significant public

13 | benefit, and justifying attorneys' fees, litigation expenses and costs pursuant to the provisions

14 | of section 1021.5 Code of Civil Procedure.

15 | WHEREFORE, Plaintiff prays for damages and declaratory and injunctive relief as

16 | hereinafter stated.

17 |

18 | **FOURTH CAUSE OF ACTION:**

19 | **DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF TITLE III OF THE**

20 | **AMERICANS WITH DISABILITIES ACT UNDER CALIFORNIA'S DISABLED**

21 | **RIGHTS ACT**

22 | 56. Plaintiff repleads and incorporates by reference, as if fully set forth again

23 | herein, the allegations contained in paragraphs 1 through 55 of this complaint and

24 | incorporates them herein as if separately repled.

25 | 57. Each violation of the Americans With Disabilities Act of 1990, as complained

26 | of in the First Cause of Action hereinabove (the contents of which cause of action is

27 | incorporated herein as if separately repled), is also a violation of section 54(c) and section

28 | 54.1(d) California Civil Code, further and independently justifying damages, injunctive and

Ehlinrach Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages — 18 —

1   other statutory relief per section 54.3 and 55 California Civil Code.

2        58.    Plaintiff seeks damages on a continuing and ongoing basis for the statutory

3   period preceding the filing of his complaint herein, and the continuous and ongoing damages

4   suffered thereafter.

5        59.    Plaintiff has no adequate remedy at law, and unless the relief requested herein

6   is granted, Plaintiff will suffer irreparable harm in that they will continue to be discriminated

7   against and denied access to the specified public facilities.  Because Plaintiff seeks

8   improvement of access for persons with disabilities, which will benefit a significant portion of

9   the public, Plaintiff seeks attorneys' fees pursuant to section 1021.5 California Code of Civil

10   Procedure, section 54.3 and 55 Civil Code; and 19953 Healthy & Safety Code.

11        WHEREFORE, Plaintiff prays for relief as hereinafter stated.

12

13                  **FIFTH CAUSE OF ACTION:**

14   **DAMAGES AND INJUNCTIVE RELIEF UNDER THE UNRUH CIVIL RIGHTS ACT**

15             **FOR VIOLATION OF TITLE III OF THE ADA**

16        60.    Plaintiff repleads and incorporates by reference, as if fully set forth again

17   herein, the allegations contained in Paragraphs 1 through 59 of this complaint and

18   incorporates them herein as if separately repled.

19        61.    Each violation of the Americans With Disabilities Act of 1990, as complained

20   of in the First Cause of Action hereinabove (the contents of which causes of action are

21   incorporated herein as if separately repled), is also a violation of section 51(f) of the Unruh

22   Civil Rights Act, further and independently justifying damages of $4,000 per offense,

23   injunctive relief, and other statutory relief, all as previously pled, per sections 52 and common

24   law decision.

25        62.    Plaintiff seeks damages on a continuing and ongoing basis for the statutory

26   period preceding the filing of the complaint herein, and the continuous and ongoing damages

27   suffered thereafter.

28        63.    As a result of Defendants' acts and omissions in this regard, Plaintiff has been

Ohlmesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**          — 19 —

1    required to incur legal expenses and attorney fees, as provided by statute, in order to enforce
2    Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons
3    and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of
4    all reasonable attorneys' fees, litigation expenses (including expert fees) and costs, pursuant
5    to the provisions of Section 52 of the Civil Code. Additionally, Plaintiff's lawsuit is intended
6    not only to obtain compensation for damages to Plaintiff, but also to require the Defendants to
7    make their facilities accessible to all disabled members of the public, justifying "public
8    interest" attorneys' fees pursuant to the provisions of California Code of Civil Procedure
9    Section 1021.5.

10        WHEREFORE, Plaintiff prays for relief as hereinafter stated.

11

12                          **SIXTH CAUSE OF ACTION:**

13                              **(Declaratory Relief)**

14        64.    Plaintiff repleads and incorporates by reference, as if fully set forth again
15    herein, the allegations contained in Paragraphs 1 through 63 of this complaint and
16    incorporates them herein as if separately repled.

17        65.    A present and actual controversy exists among the respective rights and
18    obligations of Plaintiff and Defendants, and separately, as to the obligations that have been
19    impressed by the aforementioned statutes against the restaurant property irrespective of past
20    or future ownership. Plaintiff requests a judicial determination of his rights and such
21    obligations in a declaration, and also as to whether and to what extent Defendants' conduct
22    and the current configuration of the property each violate applicable law.

23        66.    Such a declaration is necessary and appropriate at this time in order that
24    Plaintiff may ascertain his rights. Such declaration is further necessary and appropriate to
25    prevent further harm or infringement of Plaintiff's Civil Rights.

26        Wherefore, Plaintiff prays the court grant relief as requested hereinbelow.

27    ////

28

Complaint for Injunctive Relief and Damages                        — 20 —

1

2

## PRAYER FOR RELIEF

Plaintiff prays that this Court award damages and provide relief as follows:

3    1.    Grant injunctive relief requiring that those of the Defendants that currently

4  own, operate, control or lease the subject premises, repair the premises and render them safe

5  to disabled persons, and modify their policies and procedures, and otherwise provide "full and

6  equal access" to the public areas herein complained of, and make such facilities "readily

7  accessible to and usable by individuals with disabilities," according to the standards of

8  sections 51, 54 and 54.1 et seq. of the California Civil Code; Title 24 of the California

9  Administrative Code; Sections 19955-19959 of the Health & Safety Code; Sections 4450-

10  4456 of the California Government Code; Title III of the Americans With Disabilities Act of

11  1990; the Americans With Disabilities Act Access Guidelines; and provide full and equal

12  access to physically disabled persons, including Plaintiff, in all manners required by such

13  statutes and government regulations;

14    2.    Retain jurisdiction over the Defendants until such time as the Court is satisfied

15  that Defendants' unlawful barriers no longer exist, and will not recur;

16    3.    Issue a declaratory judgment that Defendants' actions and omissions, and

17  failures, including to modify the premises in compliance with the law, and to make reasonable

18  accommodations and reasonable modifications for Plaintiff and other similarly situated

19  disabled persons violates the rights Plaintiff and other similarly situated persons rights under

20  the Health & Safety Code Sections 19955-19959; Civil Code Sections 51, 54, and 54.1 et

21  seq.; Americans With Disabilities Act of 1990, 42 U.S.C. sections 12101, et seq., and the

22  regulations promulgated thereunder; and the due process clauses of the United States and

23  California Constitutions.

24    4.    Issue a declaratory judgment regarding the obligations impressed by law

25  against the restaurant, and declaring that Plaintiff is entitled to disabled accessible and usable

26  subject restaurant facilities including its accessible route to the main entrance, its public

27  restrooms, its dining tables, and other facilities, so that they may make use of the public

28  facilities and participate in the activities offered by Defendants without suffering

**Ohlmesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                                    — 21 —

1  discrimination or impediment on the basis of his disability;

2  5.  Because Defendants have refused to remedy the violations at their facility after

3  notice from Plaintiff, Plaintiff seeks an award of statutory and "actual" damages against all

4  Defendants, including general damages and special damages, according to proof, against such

5  Defendants pursuant to sections 52 and 54.3 Civil Code, and that these damages be trebled;

6  6.  Award prejudgment interest on all damages;

7  7.  Award all costs of this proceeding and all reasonable attorneys' fees, litigation

8  expenses and costs as provided by law, including but not limited to those recoverable pursuant

9  to the provisions of sections 54.3 and 55 Civil Code, section 1021.5 Code of Civil Procedure,

10  section 19953 Health & Safety Code, section 505 of the Americans With Disabilities Act; and

11  8.  Grant such other and further relief as this Court may deem just and equitable.

12

13  Dated: October 22, 2010          THIMESCH LAW OFFICES

14

15

16  TIMOTHY S. THIMESCH
   Attorneys for Plaintiff CRAIG YATES

17

18  **DEMAND FOR JURY TRIAL**

19  Plaintiff demands a jury on all claims for which a jury is permitted.

20  Dated: October 22, 2010          THIMESCH LAW OFFICES

21

22

23  TIMOTHY S. THIMESCH
   Attorneys for Plaintiff CRAIG YATES

24

25

26

27

28

Complaint for Injunctive Relief and Damages                    — 22 —