**Thimesch Law Offices**
TIMOTHY S. THIMESCH, ESQ., No. 148213
  tim@thimeschlaw.com
158 Hilltop Crescent
Walnut Creek, CA 94597-3452
Tel: 925/588-0401
Fax: 888/210-8868

Attorneys for Plaintiff CRAIG YATES

| | |
|---|---|
| HENNEFER FINLEY & WOOD, LLP<br>JOSEPH H. C. WOOD, ESQ., No. 103596<br>  jwood@hennefer-wood.com<br>425 California St 19th FL<br>San Francisco, CA 94104<br>Tel: (415) 421-6100<br>Fax: (415) 421-1815 | MICHAEL T. HEATH, ESQ., No. 196747<br>LAW OFFICES OF MICHAEL T. HEATH<br>  mheath_law@sbcglobal.net<br>3251 Steiner Street<br>San Francisco, CA 94123-3362<br>Tel: (415) 931-4207<br>Fax: (415) 931-4117 |
| Attorneys for Defendant MAYFLOWER SEAFOOD RESTAURANT, INC. | Attorneys for Defendants CHUNG L. YANG 1992 TRUST; CHUNG L. YANG; CONNIE K. YANG; and HENRY K. YANG |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES,<br><br>    Plaintiff,<br><br>v.<br><br>MAYFLOWER SEAFOOD RESTAURANT, INC.; CHUNG L. YANG 1992 TRUST; CHUNG L. YANG; CONNIE K. YANG; HENRY K. YANG; and DOES 1 through 50, Inclusive,<br><br>    Defendants. | CASE NO. CV-10-4842 EMC<br>Civil Rights<br><br>Corrected.<br><br>FULL CONSENT DECREE ORDER & JUDGMENT |

////

////

////

Case3:10-cv-04842-EMC   Document13   Filed03/19/11   Page2 of 14

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1
STIPULATIONS
    Plaintiffs' Qualified Disability .....................................................................................2
    Plaintiff's Status as Aggrieved and Potentially Aggrieved .........................................2
    Qualified Facilities.......................................................................................................2
    Alteration History ........................................................................................................2
    Scope of Facilities in Issue ..........................................................................................2
JURISDICTION ...................................................................................................................2
SCOPE OF SETTLEMENT
AGREEMENTS CONCERNING INJUNCTIVE RELIEF ....................................................3
    Agreement to Cooperate With Performance of Other Remaining Remediations ......5
    Agreed Measurements and Conditions........................................................................5
    Performance Standards ................................................................................................5
    Option to Close Facilities ............................................................................................5
    Time for Compliance...................................................................................................5
    Enforcement.................................................................................................................6
AGREEMENT CONCERNING DECLARATORY RELIEF ................................................6
RESOLUTION OF REMAINING MONETARY CLAIMS
    Resolution of Plaintiffs' Claim for Statutory Damages................................................6
    Resolution of Claim For Reasonable Statutory Attorneys Fees, Litigation Expenses And Costs .....................................................................................................7
CONSENT DECREE BINDING ON PARTIES AND SUCCESSORS IN INTEREST ........8
CONSENT TO JURISDICTION OF MAGISTRATE JUDGE ..............................................8
JOINT PREPARATION AND SEVERABILITY ..................................................................8
SIGNATORIES BIND PARTIES ...........................................................................................8

Thimesch Law Offices
155 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

# FULL CONSENT DECREE ORDER AND JUDGMENT

## INTRODUCTION

1.      Plaintiff CRAIG YATES is a person with a disability whose condition requires the full time use of a wheelchair for mobility

2.      Defendant MAYFLOWER RESTAURANT, INC. (hereafter "Tenant") is the owner, operator, and lessee of the public accommodation Mayflower Restaurant, located at or near 6255 Geary Boulevard, San Francisco, California (hereafter, "Subject Restaurant"). They lease the property from Defendants CHUNG L. YANG 1992 TRUST; CHUNG L. YANG; CONNIE K. YANG; HENRY K. YANG, who shall be referred to herein collectively as Landlords. Together, the subject Tenant and Landlords shall be referred to as Defendants; and together Plaintiff and the Defendants shall be referred to collectively herein as the Subject Parties.

3.      Plaintiff filed this action for himself and all other similarly situated members of the public to vindicate their rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and Civil Code Section 54 and 54.1.

4.      Plaintiff alleges that Subject Defendants and the Mayflower Restaurant violated these statutes by failing to provide full and equal access and related facilities, including an accessible route from the public sidewalk to all elements of the building, and to the main entrance, dining facilities, the bar, dining tables and public restrooms. Specific identification of the facilities and their deficiencies were indentified in the Complaint filed on October 26, 2010.

5.      Plaintiff alleges that the subject building and site has undergone construction triggering the requirement of full compliance with regulations in the altered areas, and that further Defendants could easily afford to makes its facilities and services accessible without significant difficulty or expense.

6.      The subject parties enter this Full Consent Decree Order and Judgment (hereafter "Consent Decree") in order to fully resolve the issues, claims and defenses in this case.

////

**STIPULATIONS**

7. **Plaintiff's Qualified Disability.** Plaintiff qualifies as a "person with a physical disability" as defined by the relevant statutes.

8. **Plaintiff's Status as Aggrieved and Potentially Aggrieved.** Plaintiff CRAIG YATES alleges he has standing to bring this action, that he lives in Terra Linda, that he however regularly conducts personal affairs in San Francisco including the general Clement and Geary districts where he grew up, which activity includes dining and shopping. While the Defendants do not admit all of the foregoing allegations, they agree that sufficient facts support Plaintiff's qualification as "aggrieved and potentially aggrieved" under the relevant statutes, and his individual standing under Article III of the U.S. Constitution.

9. **Qualified Facilities.** The Mayflower Restaurant qualifies as a "public accommodation" and "commercial facility" under all applicable statutes and regulations.

10. **Alteration History.** The parties stipulate that all facilities in issue have undergone sufficient and recent alteration and/or new construction to require compliance with the Americans With Disabilities Act Access Guidelines published in 1992, as it applies to altered facilities, and that the restaurant is otherwise subject to the requirements of Civil Code Section 54.3 and Title 24, Part II, of the California Code of Regulations.

11. **Scope of Facilities in Issue.** The following are the facilities at the Subject Restaurant affected by this Consent Decree: including, but not limited to: the accessible route from the public sidewalk and boundary of the site to the main entrance of the restaurant, the main entrance, the dining table facilities, the bar counter, and the public restrooms.

**JURISDICTION**

12. The facts requisite to federal jurisdiction are admitted. This Court has jurisdiction pursuant to 28 U.S.C. §1331 for the alleged violations of the ADA, 42 U.S.C. §§ 12101, et seq. Article III jurisdiction is proper due to the Plaintiff's continued exposure and use of the restaurant for dining. Pendant jurisdiction of the state law claims arises from a common nucleus of fact and is proper.

13. This Court shall have continuing jurisdiction to interpret and enforce this Consent Decree until defendants have fulfilled all conditions hereunder. This agreement is contingent upon Court acceptance of this continuing jurisdiction.

14. The parties agree to entry of this Consent Decree in order to resolve the below listed allegations raised in the Complaint filed with this Court on October 26, 2010. Accordingly, the parties agree to this Consent Decree without trial or further adjudication of any issues of fact or law concerning the issues specified herein Full Consent Decree Judgment and Order.

15. In entering this Consent Decree, Defendants agree this Consent Decree fully vindicates Defendants' violation of Plaintiffs' rights under the Americans with Disabilities Act and Civil Code Section 54 and 54.1.

WHEREFORE, the parties hereby agree and stipulate to the Court's entry of this Full Consent Decree Judgment and Order, which provides as follows:

**SCOPE OF SETTLEMENT**

16. This Consent Decree shall be a full, complete, and final disposition and settlement of the below claims that have been or could have been alleged in the Complaint, including for injunctive relief, declaratory relief, statutory and compensatory damages, including personal and bodily injury, and Plaintiff's claims for reasonable statutory attorney fees, litigation expenses and costs. This Consent Decree was reached through negotiations between the Subject Parties. The Court shall retain jurisdiction of this action to enforce and interpret this Full Consent Decree Judgment and Order. The parties agree that if they or any of them seek Court enforcement of this Full Consent Decree Judgment and Order, any such enforcement will be by noticed motion, application or other appropriate request for an order for specific performance, and that a contempt citation or decree will not be sought by any party.

**AGREEMENTS CONCERNING INJUNCTIVE RELIEF**

17. **Specific Agreed Remediations.** As a part of a compromise of global liability,

—3—

the Defendants each agree that they shall be jointly and severally responsible to perform the following work to provide disabled access at the Subject Restaurant:

    a. Create a fully compliant vertical means of access at the main entrance, which shall be accomplished either a compliant lift or ramp.

    b. Provide sufficient new and accessible dining tables located on accessible route and with clear floor space for two wheelchair spaces on either side that are located outside the general path of travel. The number of such tables shall amount to at least 5% of all dining tables are accessible, but in no case less than one. Such tables shall provide knee space underneath that is a minimum of 30 inches wide, 27 inches high, and projects back underneath the table a minimum of 19 inches. No pedestal support or pedestal base shall be located anywhere within the rectangular dimension of the foregoing clear space.

    c. Provide a level landing outside the side entrance for fire egress (eliminating the current a six inch step).

    d. Provide a lower section at the bar counter, or close this facility from approach and/or seated use by customers.

    e. For the men's public restroom:

        i. Provide a 60 inch deep landing outside the entrance to the men's restroom, or provide a compliant automatic door opener.

        ii. Lower the mirror above the sink so that the bottom of its reflective edge is no higher than 40 inches above the finished floor.

        iii. Remove the obstruction of the rear grab bar in the accessible stall.

        iv. Eliminate the non-compliant slopes around the floor drain in the men's public restroom.

        v. Reposition the sanitary seat cover dispenser next to a clear floor space.

        vi. Eliminate the obstruction of the strike edge clearance on the interior of the men's restroom door.

   vii. Higher a professional CASp certified surveyor to ensure the sink in the men's public restroom is mounted at the correct height, and provides sufficient knee space, that the restroom has sufficient turning radius, that grab bars are mounted at the correct height, that the centerline of the toilet is mounted at 18 inches on center, exactly, and that the entry doors provides a minimum of 32 inches of clear opening. The CASp professional shall also survey the accessibility of all features the entry to the women's public restroom and its interior facilities. For every element of the Restaurant and the aforementioned facilities that the surveyor finds not to be in strict conformance with the literal requirements under California law for altered facilities, Defendants shall have such facilities and elements fully remediated to those standards..

  **18. Performance Standards.** All of the foregoing facilities shall be brought into full and strict compliance with the literal performance standards for altered facilities under the Americans with Disabilities Act Accessibility Guidelines, effective January 26, 1992, and under California's Title 24, (2008), whichever, for any particular element, provides the strongest level of protection to persons with disabilities. Defendant hereby release all alleged claims defenses to literal compliance such as unreasonable hardship, undue hardship, legal and physical constraint, technical infeasibility, 20% cost-cap, etc.

  **19. Option to Close Facilities.** In lieu of making modification to any particular facility or amenity called for by this decree, the Defendant may choose to permanently close/remove such facility, element or amenity from public use. Such facility, element or amenity shall not be reopened or re-provided for public use without provision of full disabled access pursuant to the terms of paragraphs 17 and ~~Error! Reference source not found.~~ 18.

  **20. Time for Compliance.** As to all other work, Defendant shall submit plans and apply for any necessary permits for this work within 60 days of the entry of this Order on the docket of the court, and complete all such work within 120 days of receiving permits, allowing for good faith interruptions due to inclement weather, contractor unavailability, and other causes under the Doctrine of Force Majeure. Permits from the building department shall be secured for all work. Defendant will provide written notice regarding the status of completion

within 240 days after entry of this Order. Defendant shall then provide Plaintiffs, her attorneys and consultants with physical access to inspect, measure and photograph the facilities to verify that the completed work complies with the terms herein.

21.   **Enforcement.** Should Plaintiff in the future become aware of any facts or conditions relating to the subject public accommodation that may give rise to a claim that Defendants have failed to comply with any of the injunctive relief provisions set forth herein, Plaintiff shall be permitted to file a noticed motion under the current case number of this action seeking enforcement of this Consent Decree, as well as contempt of court. The "prevailing party" in such motion proceedings, whether in full or in part, <u>may</u> be entitled to an award of reasonable attorney fees, litigation expenses and costs for such motion, i.e., the fee recovery shall be pursuant to the normal prevailing party standards that applied under the subject statutes before entry of this decree, under the subject fee shifting statutes named in the complaint and <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412 (1978). Thus, Defendants <u>may</u> be entitled to recovery of attorney's fees in such proceeding only upon proof that Plaintiff's motion is frivolous or brought in bad faith.

**AGREEMENT CONCERNING DECLARATORY RELIEF**

22.   In resolution of Plaintiff's claim for declaratory relief, Defendants hereby stipulate, that by this Consent Decree, the barriers identified herein for correction, at paragraph 17, supra, constitute past and present violations of each Plaintiff's rights under the Title III of the Americans with Disabilities Act of 1990, and Civil Code Section 54 and 54.1. Defendants agree that Plaintiff's claim for statutory damages is inextricably intertwined with his claims for injunctive relief. Defendants have agreed to conduct the barrier removals herein as a result of the settlement of this action.

**RESOLUTION OF STATUTORY DAMAGE CLAIMS**

23.   Defendant agrees to pay his the amount of $8,000 in full satisfaction of Plaintiff's claims for bodily and personal injury and for statutory damages under Title II of the

1  ADA, and Civil Code Sections 52 and 54.3. A check for this amount shall be made payable to
2  "TIM THIMESCH, In Trust," and delivered into Plaintiff counsel's hands within 7 days of
3  Defendant' execution of this Full Consent Decree Judgment and Order. If overnight mail is
4  used, Defendants shall supply Plaintiff's counsel with a tracking number.

5      **24.** The parties stipulate that the foregoing amount is intended to be paid in full to
6  Plaintiffs, and understand that no part of it shall be received by Plaintiffs' counsel in
7  compensation toward each Plaintiff's separate claim for reasonable statutory attorney fees,
8  litigation expenses, and costs.

10 **RESOLUTION OF CLAIM FOR REASONABLE STATUTORY ATTORNEYS FEES,**
11 **LITIGATION EXPENSES AND COSTS:**

12     **25.** Defendant agree to pay his the amount of $12,000 in full satisfaction of
13 Plaintiffs' claims for interim and final claims for reasonable statutory attorney fees, litigation
14 expenses and costs under Section 505 of the ADA [42 USC 12205]; and Civil Code Sections 52
15 and 54.3. A check for this amount shall be made payable to "TIM THIMESCH, IN TRUST,"
16 and delivered into Plaintiff counsel's hands within 7 days of Defendant' execution of this Full
17 Consent Decree Judgment and Order. If overnight mail is used, Defendant shall supply
18 Plaintiff's counsel with a tracking number.

20 **FULL CONSENT DECREE JUDGMENT AND ORDER:**

21     **26.** This Consent Decree constitutes the entire agreement between the parties on the
22 matters of Plaintiff's claims for injunctive relief, statutory and personal injury damages, and
23 reasonable statutory attorney fees, litigation expenses and costs, and no other statement,
24 promise, or agreement, either written or oral, made by any of the parties or agents of any of the
25 parties, that is not contained in this written Full Consent Decree Judgment and Order, shall be
26 enforceable regarding the matters described herein.
27 ////

**CONSENT DECREE BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

27. The parties agree and represent that they have entered into this Consent Decree voluntarily, under no duress, and wholly upon their own judgment, belief, and knowledge as to all matters related to this Consent Decree, after having received full advice from counsel.

28. This Consent Decree shall be binding on Plaintiffs and Defendants and any successors in interest. During the period of this Consent Decree, the parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree during the period of the Court's jurisdiction of this Consent Decree.

**CONSENT TO JURISDICTION OF MAGISTRATE JUDGE:**

29. In accordance with the provisions of Title 28, U.S.C. Section 636(c), each undersigned party in the above-captioned civil matter hereby voluntarily consents to have a United States Magistrate conduct any and all further proceedings in the case related to enforcement of this Consent Decree. Appeal from such enforcement orders shall be taken directly to the United States Court of Appeals for the Ninth Circuit. Pursuant to this stipulation, each undersigned party requests that this matter be assigned specifically to Magistrate Judge ~~James Larson~~. Edward M. Chen.

**JOINT PREPARATION AND SEVERABILITY:**

30. This Consent Decree is deemed jointly prepared by all parties and shall not be strictly construed against any party as its drafter. If any term of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

31. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree.

////

Shimrack Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**SIGNATORIES BIND PARTIES:**

32. This Consent Decree may be executed in counterpart signatures, and such signatures may be attached in counterparts, each of which shall be deemed an original, and which together shall constitute one and the same instrument. Such counterparts may be signed as faxed signatures, which shall have the same force and effect as original signatures.

Dated: MARCH 16, 2011

_____
CRAIG YATES

Dated: March 11, 2011

_____
MAYFLOWER SEAFOOD RESTAURANT, INC.
By: Eric Lau, President

_____
CHUNG L. YANG 1992 TRUST

By: _____

Title: _____

_____
CHUNG IL YANG

Dated: 3/15/11

Dated: 3/14/11

_____
CONNIE K. YANG

Dated: 3/14/11

_____
HENRY K. YANG

—9—

**SIGNATORIES BIND PARTIES:**

32.  This Consent Decree may be executed in counterpart signatures, and such signatures may be attached in counterparts, each of which shall be deemed an original, and which together shall constitute one and the same instrument. Such counterparts may be signed as faxed signatures, which shall have the same force and effect as original signatures.

Dated: _____

_____
CRAIG YATES

Dated: March 11, 2011

_____
MAYFLOWER SEAFOOD RESTAURANT, INC.
By: Eric Lau, President

_____
CHUNG L. YANG 1992 TRUST
By: _____
Title: _____

_____
CHUNG L. YANG

Dated: _____

Dated: _____

_____
CONNIE K. YANG

Dated: _____

_____
HENRY K. YANG

**SIGNATORIES BIND PARTIES:**

32. This Consent Decree may be executed in counterpart signatures, and such signatures may be attached in counterparts, each of which shall be deemed an original, and which together shall constitute one and the same instrument. Such counterparts may be signed as faxed signatures, which shall have the same force and effect as original signatures.

Dated: _____

_____
CRAIG YATES

Dated: March 11, 2011

_____
MAYFLOWER SEAFOOD RESTAURANT, INC.
By: Eric Lau, President

_____
CHUNG L. YANG 1992 TRUST
By: _____
Title: _____

Dated: 3/15/11

_____
CHUNG L. YANG

Dated: 3/14/11

_____
CONNIE K. YANG

Dated: 3/14/11

_____
HENRY K. YANG

—9—

1 | **APPROVED AS TO FORM:**

2 | Dated: March ____, 2011     THIMESCH LAW OFFICES
                                TIMOTHY S. THIMESCH, ESQ.

3

4 | _____
    Attorneys for Plaintiff
    CRAIG YATES

5

6 | Dated: March 11, 2011        HENNEFER FINLEY & WOOD, LLP
                                 JOSEPH H. C. WOOD, ESQ.

7

8 | _____
    Attorneys for Defendant
9 | MAYFLOWER RESTAURANT, INC.

10 | Dated: March 11, 2011       MICHAEL T. HEATH, ESQ.
                                 LAW OFFICES OF MICHAEL T. HEATH
11

12

13 | _____
     Attorneys for Defendants
     CHUNG L. YANG 1992 TRUST; CHUNG L.
14 | YANG; CONNIE K. YANG; and HENRY K.
     YANG

15

16

17

18 | **ORDER**

19 | IT IS SO ORDERED. _____

20 | _____

21 | _____

22 | _____

23 | _____.

24

25 | Date: __3/31/11__          _____
                                HON. EDWARD M. CHEN
26                              MAGISTRATE JUDGE
                                U.S. DISTRICT COURT
27

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

— 10 —